Appeal by defendant from a judgment of the County Court of Orange County, convicting him of a violation of section 690 of the Penal Law, and sentencing him to imprisonment in Sing Sing Prison. Judgment affirmed. No opinion. Carswell, Sneed, Wenzel and MacCrate, JJ., concur; Nolan, P. J., dissents and votes to reverse and to order a new trial, with the following memorandum: The bill of particulars served by the People alleged that the crime of which appellant was convicted was committed on April 24, 1949. In accordance with that allegation, and with the charge by the County Judge, the People were required to prove beyond a reasonable doubt that the crime was committed on that date. (Cf. People v. Lewis, 271 App. Div. 1050.) If the complaining witness was a willing participant in the commission of the act complained of, he was an accomplice and no conviction could be had, unless he was corroborated by other evidence tending to connect the defendant with the commission of the crime as charged in the indictment and the accompanying bill of particulars. (People v. Petrucci, 271 App. Div. 936; People v. Sileo, 202 App. Div. 760; Code Crim. Pro. § 399.) Defendant denied the commission of the crime and testified that the complaining witness was not in his room on the date alleged. The testimony of the complaining witness on that question was indefinite and contradictory to such an extent as to require a determination that the proof was insufficient as a matter of law. Moreover, although it is quite probable that if the crime charged was committed, the complaining witness was not an accomplice and that the People can so demonstrate by proper proof, there is no evidence in the record sufficient to support such a determination. Since no question of fact was presented by the evidence on the question (cf. People v. Kate, 209 N. Y. 311), the jury should not have been permitted to determine, as a fact, that the complaining witness was not an. accomplice, and the indictment should have been dismissed on defendant’s motion for lack of the corroboration required by law. The learned County Judge charged the jury that there were certain admissions on the part of the defendant that the complaining witness was in his room, and as to "fooling and pushing him on a bed”, and that the jury might determine whether such admissions were the corroboration required by the statute if the complaining witness was an accomplice. There is no admission by the defendant, in the record, that the complaining witness was in his room on April 24th or that the incident which he described occurred on that date. In any event, the admissions, coupled as they were with the unqualified denial by the defendant that he had committed the crime, were not sufficient to meet the statutory requirement.